Ruben Castillo VARGAS; Ana Luz Cabanas Esteban, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70771.

Agency Nos. A77–810–592, A77–810–593.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Ashwani K. Bhakhri, Esq., Cheryl Franke, Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Julia Doig Wilcox, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

MEMORANDUM **

Ruben Castillo Vargas and his wife Ana Luz Cabanas Esteban, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal of an immigration judge's ("IJ") denial of their applications for can-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cellation of removal. We dismiss the petition for review.

The IJ denied petitioners' applications for cancellation of removal on the basis that they failed to establish ten years continuous physical presence, exceptional or extremely unusual hardship, or the requisite good moral character. The BIA adopted the IJ's moral character determination. Although the moral character determination is not entirely clear, it is evident that it is based on both a statutory and a discretionary component.

We lack jurisdiction to review the discretionary component of the moral character determination. *See* 8 U.S.C. § 1252(a)(2)(B); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir.2003). Because the moral character determination is dispositive of petitioners' eligibility for cancellation of removal, we dismiss the petition for review to the extent it challenges the denial of cancellation. *See* 8 U.S.C. § 1229b(b)(1).

Petitioners' due process contentions regarding the denial of a continuance and refusal of telephonic testimony relate to the hardship determination. Because the moral character determination is dispositive of their eligibility for relief, they failed to establish prejudice. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001); *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir.1999).

PETITION FOR REVIEW DISMISSED.